UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNULFO TRUJILLO AND RAMON RAFAEL BELTRAN,<br><br>      Plaintiff,<br><br>-against-<br><br>EM WINDSOR CONSTRUCTION INC., SEM CONSTRUCTION INC., ELVIS MURIQ, and VJOLLCA GJEKA<br><br>      Defendants. | Civil Action No. 1:21-cv-124<br><br>ECF CASE<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiffs Arnulfo Trujillo ("Mr. Trujillo") and Ramon Rafael Beltran ("Mr. Rafael"), by and through their undersigned attorneys, hereby makes the following allegations against EM Windsor Construction Inc., SEM Construction Inc., Elvis Muriq, and Vjollca Gjeka (collectively "Defendants") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief and the investigation of their counsel:

### PRELIMINARY STATEMENT

1. Plaintiffs contend that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") by knowingly requiring, suffering or permitting the Plaintiffs to work more than 40 hours per week without properly paying them overtime wages, and violated .

2.   Plaintiffs Mr. Trujillo and Mr. Rafael were employed as construction workers by Defendants.

3.   Mr. Trujillo worked for the Defendants from September of 2012 until May of 2019.

4.   Mr. Rafael worked for the Defendants from June 2017 until February 2019.

5.   The Plaintiffs' work schedule varied but they consistently worked in excess of 40 hours per week and the Defendants failed to pay the Plaintiffs their lawfully due overtime wages.

6.   This action further invokes the supplemental jurisdiction of this Court to raise claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NYLL §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 142).

7.   As stated herein, Defendants' conduct and practices constituted violations of federal and state labor laws relating to: (i) overtime pay; and (ii) failure to provide Plaintiffs with proper notices of hire and wage statements.

## JURISDICTION AND VENUE

8.   The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the FLSA 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 (FLSA actions "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction") and 28 U.S.C. § 1331 (federal question jurisdiction).

9. The Court has supplemental jurisdiction over Plaintiffs' pendant state law claims under 28 U.S.C. § 1367 (because those claims arise out of the same common nucleus of operative facts and are parts of the same case or controversy as Plaintiffs' federal claims).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiffs in this judicial district.

11. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, inter alia, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed.R.Civ.P. 4(h)(1).

### THE PARTIES

Plaintiffs

12. Plaintiff Arnulfo Trujillo is an adult individual who currently resides in Newark, New Jersey.

13. Mr. Trujillo was employed by the Defendants as a construction worker at various locations in New York City from approximately September 2012 to May 2019.

14. Plaintiff Ramon Rafael Beltran is an adult individual who currently resides

in the County of Kings in New York.

15. Mr. Rafael was employed by the Defendants as a construction worker at various locations in New York City from approximately June 2017 until February 2019.

16. At all times relevant to this action, the Plaintiffs were non-exempt employees of the Defendants within the meaning of the FLSA and the New York Labor Law ("NYLL").

## Defendants

17. Corporate Defendant EM WINDSOR CONSTRUCTION INC. is a domestic business corporation organized under the laws of the state of New York, with a principal place of business and an address for service of process located at 1846 Williamsbridge Road, Bronx, New York 10461.

18. Corporate Defendant SEM CONSTRUCTION, INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 765 Bronx River Road, 1G, Bronxville, New York, 10708.

19. Upon information of belief, at all times relevant hereto, the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000

20. The Corporate Defendants operate as a single integrated enterprise in the construction industry.

21. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. 203(r).

22. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" constituting an enterprise engaged in interstate "commerce" and/or in the production for "commerce" and/or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA. 29 U.S.C. 203(r), 203(s).

23. The FLSA applies to employees who are subject to either individual coverage or enterprise coverage. 29 U.S.C. 206(a), 207(a).

24. At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

25. Upon information and belief, the first Individual Defendant, Elvis Muriq, resides, or resided, at 765 Bronx River RD, Apt 1G, Bronxville, NY 10708.

26. Upon information and belief, the first Individual Defendant, Elvis Muriq, maintains a residence at 1846 Williamsbridge Rd, Bronx, NY 10461-6206.

27. The Individual Defendant Muriq is an owner, officer, and/or manager of the Corporate Defendants.

28. As of the filing of this Complaint, Individual Defendant Muriq's home address at 765 Bronx River RD, Apt 1G, Bronxville, NY 10708 is listed as the DOS Process Address for Corporate Defendant SEM CONSTRUCTION, INC. in the New York State Department of State's Division of Corporation's entity information database.

29. Upon information and belief, the Individual Defendant, Elvis Muriq owns the home with the address listed as the DOS Process Address and/or the Principal Executive Office for Corporate Defendant EM WINDSOR CONSTRUCTION INC. in

the New York State Department of State's Division of Corporation's entity information database.

30. Upon information and belief, the second Individual Defendant, Vjollca Gjeka, resides at 1846 Williamsbridge Rd, Bronx, NY 10461.

31. The Individual Defendant Vjollca is an owner, officer, and/or manager of the Corporate Defendants.

32. As of the filing of this Complaint, Individual Defendant Gjeka's home address is listed as the DOS Process Address and/or as the Principal Executive Office for Corporate Defendant EM WINDSOR CONSTRUCTION INC. in the New York State Department of State's Division of Corporation's entity information database.

33. As of the filing of this Complaint, Individual Defendant Gjeka is listed as the Chief Executive Officer for Corporate Defendant EM WINDSOR CONSTRUCTION INC. in the New York State Department of State's Division of Corporation's entity information database.

34. The Individual Defendants possessed the authority to hire and fire employees, supervised their work schedules, set their rates of pay, and maintained payroll records.

35. Defendants jointly employed Plaintiffs at all relevant times.

36. Defendants have had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

37. Defendants are part of a single integrated enterprise that jointly employed Plaintiffs at all relevant times.

38. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

## NATURE OF THE ACTION

39. As described herein, Defendants have, for years, knowingly engaged in unlawful business practices by requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation.

40. Defendants have knowingly attempted to evade overtime laws by paying their employees with two separate payments each week, one for regular wages and one for overtime wages, but both payments have been made at an identical hourly rate of pay.

41. Plaintiffs bring this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§650 *et seq*.) upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to provide Plaintiffs with a wage notice and paystubs as required by NYLL § 195.

42. Defendants have knowingly and willfully engaged in a policy, pattern, or practice of violating the FLSA and NYLL, as detailed in this Complaint.

43. Defendants willfully failed to provide Plaintiffs with written notices, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day and such information as required by NYLL § 195(3) and/or 198(1-b).

44. Defendants failed to provide Complainants with paystubs specifying the overtime hours they worked and the proper overtime rate, as required under NYLL § 195.

45. Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and the NYLL and supporting regulations during their employment of the Complainants.

**(a) Arnulfo Trujillo**

46. Plaintiff Arnulfo Trujillo began working with the Defendants in September of 2012 until May of 2019.

47. During his employment, Mr. Trujillo worked in residential buildings located in Peter Cooper Village, also known as Stuyvesant Town, in New York City, New York, and worked in several other buildings in New York, New York.

48. Mr. Trujillo's primary work responsibilities consisted of being plaster/painter person, but he performed other construction roles.

49. At the various worksites where Mr. Trujillo worked, hours worked were recorded either with a manual sign-in/sign-out timesheet or an electronic recordkeeping system.

50. Mr. Trujillo worked as follows:

| Approximate Work Period | Approximate Weekly Hours Worked | Hourly Rate |
|---|---|---|
| 7/22/2013-12/26/2014 | 53 | $18.75 |
| 12/29/2014-3/9/2018 | 53 | $20.00 |
| 3/12/2018-3/16/2018 | 53 | $21.25 |
| 3/19/2018-3/23/2018 | 63 | $21.25 |
| 3/26/2018-12/28/2018 | 63 | $22.50 |
| 12/31/2018-5/3/2019 | 53 | $22.50 |

51. Mr. Trujillo's typical set work schedule was Monday through Friday from 8 a.m. until 5 p.m., but it was common for Mr. Trujillo to work past 5 p.m.

52. Mr. Trujillo also frequently worked on Saturdays in addition to his Monday through Friday working schedule.

53. Although the number of hours that Mr. Trujillo worked each week varied by week, upon information and belief, Mr. Trujillo worked on average more than 50 hours per week.

54. Mr. Trujillo worked additional hours when he was assigned the responsibility of being the key master at one worksite.

55. As the key master, Mr. Trujillo was given the responsibility by the Defendants of opening and closing the worksite on or around 2018.

56. As the key master, Mr. Trujillo would arrive approximately two hours early every day to open all of the doors of the building so that the other workers could enter.

57. Mr. Trujillo worked as the key master for approximately eight (8) months and he averaged approximately 60 plus hours a week as a result of these additional hours.

58. Mr. Trujillo was regularly paid by the Defendants twice every week for weeks when he worked more than 40 hours.

59. The first weekly payment Mr. Trujillo received from the Defendants was a check for his first regular 40 hours and the second payment, by check or cash, was for his overtime (hours past 40 worked during the week) hours.

60. The second payment to Mr. Trujillo, however, was not paid at the

overtime rate required by the FLSA and the NYLL, but rather was paid at the same hourly rate as Mr. Trujillo's regular pay.

61. The Defendants never paid Mr. Trujillo at a rate of time and a half for the additional hours he worked past 40 hours during one week that he regularly worked.

62. Mr. Trujillo also never received a notice of hire nor paystubs fulfilling the requirements of the NYLL.

**(b) Ramon Rafael Beltran**

63. Plaintiff Ramon Rafael Beltran began working for the Defendants in June of 2017 and continued working for the Defendants until February of 2019.

64. Mr. Rafael worked in several residential buildings in Peter Cooper Village, also known as Stuyvesant Town, in New York, New York.

65. Mr. Rafael's primary work responsibilities consisted of being plaster/painter person, but he performed other construction roles.

66. Mr. Rafael's hours worked were recorded either with a manual sign-in/sign-out timesheet or an electronic recordkeeping system.

67. Mr. Rafael worked as follows:

| Approximate Work Period | Approximate Weekly Hours Worked | Hourly Rate |
|---|---|---|
| 5/29/2017-8/31/2018 | 53 | $17.50 |
| 9/3/2018-2/15/2019 | 53 | $18.75 |

68. Mr. Rafael's typical set work schedule was Monday through Friday from 8 a.m. until 5 p.m., but it was common for Mr. Rafael to work past 5 p.m.

69. Mr. Rafael also frequently worked on Saturdays in addition to his Monday

through Friday working schedule.

70. Although the number of hours that Mr. Rafael worked each week varied by week, upon information and belief, Mr. Rafael worked on average more than 50 hours per week.

71. Mr. Rafael was regularly paid by the Defendants twice every week for weeks when he worked more than 40 hours.

72. The first weekly payment Mr. Rafael received from the Defendants was a check for his first regular 40 hours and the second payment, by check or cash, was for his overtime (hours past 40 worked during the week) hours.

73. The second payment to Mr. Rafael, however, was not paid at the overtime rate required by the FLSA and the NYLL, but rather was paid at the same hourly rate as Mr. Rafael's regular pay.

74. The Defendants never paid Mr. Rafael at a rate of time and a half for the additional hours he worked past 40 hours during one week that he regularly worked.

75. Mr. Rafael also never received a notice of hire nor paystubs fulfilling the requirements of the NYLL.

## CAUSES OF ACTION

### COUNT 1

*Claim for Overtime Wages Under the Fair Labor Standards Act*

76. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

77. At all times relevant to this action, Plaintiffs were employed by

Defendants within the meaning of 29 U.S.C. § 203.

78. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 207(a).

79. In the performance of their duties for Defendants, Plaintiffs worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

80. The precise number of unpaid overtime hours will be proven at trial.

81. Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

82. Defendants' violations of the FLSA, as described in this complaint, were willful and intentional.

83. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment interest, all in an amount to be determined at trial.

## COUNT 2

*Claim for Overtime Wages Under New York Labor Law (12 N.Y.C.R.R § 142-2.2)*

84. Plaintiffs realleges and incorporates by reference all allegations in all

preceding paragraphs as if fully set forth herein.

85. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

86. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

87. The Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the NYLL, including 12 N.Y.C.R.R § 142-2.2.

88. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

89. Due to Defendants' violations of NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtimes wages and an equal amount in the form of liquidated damages, as well as attorneys' fees, costs of the action, and prejudgment interest as provided by NYLL § 663, all in an amount to be determined at trial

## COUNT 3

*Claim for Defendants' Failure to Provide Paystubs Under New York Labor Law*

90. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

91. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

92. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

93. Defendants failed to provide full and accurate paystubs to Plaintiffs each time Defendants paid wages to Plaintiffs in violation of NYLL § 195(3).

94. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

95. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial. NYLL § 198(1-d).

## COUNT 4

*Claim for Defendants' Failure to Provide Notices Upon Hire Under New York Labor Law*

96. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

97. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2(5), 190(2) and 651(5).

98. At all times relevant to this action, Defendants were employers within the meaning of NYLL §§ 2(6), 190(3) and 651(6).

99. Defendants failed to provide Plaintiffs a notice at the time of hire in violation of NYLL § 195(1).

100. Defendants' violations of the NYLL, as described in the complaint, were willful and intentional.

101. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.  NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that judgment be granted:

a. Awarding Plaintiff unpaid overtime wages due under the FLSA and the NYLL and its regulations;

b. Awarding Plaintiff damages for Defendants' failure to provide paystubs as required by the NYLL;

c. Awarding Plaintiff damages for Defendants' failure to provide a notice upon hire as required by the NYLL;

d. Awarding Plaintiff liquidated damages;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiffs, the costs of this action, together with reasonable attorneys' fees;

g. Permanently enjoining Defendants against future violations of the FLSA and the NYLL and its regulations; and

h. Awarding such other and further relief as this Court deems necessary and proper.

Dated:       January 7, 2021
             New York, New York

                                            By: __/s/_ Eliseo Cabrera____
                                                    Eliseo Cabrera, Esq.

                                            TakeRoot Justice
                                            123 William Street, Floor 16
                                            New York, NY 10038
                                            Tel: (646) 459-3020
                                            Fax:(212) 619-0653
                                            ecabrera@takerootjustice.org

                                            By: __/s/ Farrell A. Brody_____
                                                    Farrell A. Brody, Esq.

                                            TakeRoot Justice
                                            123 William Street, Floor 16
                                            New York, NY 10038
                                            Tel: (646)
                                            Fax:(212) 619-0653
                                            fbrody@takerootjustice.org

                                            *Attorneys for Plaintiffs*